UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Michael Corosa

   v.                                      Civil No. 09-cv-455-JD
                                              Opinion No. 2010 DNH 053

Nashua Housing Authority
and George F. Robinson


O R D E R

Michael Corosa sued Nashua Housing Authority ("NHA") and George Robinson, alleging that they violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.[1]  NHA and Robinson move to dismiss the complaint for failure to state a claim upon which relief can be granted.


Background

Corosa alleges the following facts in his complaint.  He worked for NHA as a maintenance worker and electrician since October, 1993.  In August, 2005, he began to experience pain and weakness in his legs when he walked, and the pain later spread to his lower back.  He began to receive medical care and, in January, 2006, his doctor gave him a note saying that he should

---

[1] In his complaint, Corosa cites both 42 U.S.C. § 2000e and § 12101.  The latter citation appears to be the intended one.

work with restrictions.  Specifically, the doctor said he should not pull or push objects while walking, and he should not shovel or rake.  According to Corosa, NHA accepted the doctor's note and allowed him to work with restrictions.

Corosa's pain continued to increase and, in February, 2006, he took a medical leave of absence from his job.  After lower back surgery in April, which greatly relieved his pain, he returned to work full-time in July, 2006.  The pain returned, however, in May and June of 2007, when Corosa was walking and pushing a lawnmower, although he had no trouble completing his other duties, including shoveling and raking.  In June or July, Corosa asked NHA to purchase a riding lawnmower, but NHA denied the request, saying that Corosa was not disabled.

In August, Corosa gave NHA a note from his surgeon stating that he should not push or pull objects while walking.  NHA accepted the note and allowed Corosa to work a few more days.  On August 22, 2007, Corosa met with his boss, Scott Costa, and his steward.  Costa gave Corosa a letter from Robinson, the executive director of NHA, stating that Corosa could not perform his duties and that he was required to take medical leave.

Corosa returned to NHA on November 6, 2007, to give Costa a doctor's note stating that Corosa could work without restrictions beginning on November 7.  On November 7, Corosa reported for work

and was given two letters from Robinson.  The first, dated November 6, told Corosa to return to work on November 7 at 7:30 a.m., and the second informed Corosa that he was suspended for two days for gross insubordination at the August 22 meeting. Robinson claimed that Corosa had sworn at the meeting, but Corosa states that he only "mention[ed] harassment and Robinson trying to be funny[,] but did not swear."  Compl. at ¶ 23.

The Commissioners of the NHA upheld Corosa's medical leave and suspension.  Corosa filed a complaint with the Equal Employment Opportunity Commission, which issued a notice that Corosa could file suit in this matter.  Corosa filed his complaint on December 30, 2009, alleging that both NHA and Robinson violated his rights under the ADA.

## Standard of Review

The defendants move for dismissal of the complaint for "failure to state a claim upon which relief can be granted," pursuant to Federal Rule of Civil Procedure 12(b)(6).  "[T]o survive a motion to dismiss, a complaint must establish 'a plausible entitlement to relief,'" Vernet v. Serrano-Torres, 566 F.3d 254, 258 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, (2007)), and "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence'

supporting the claims." Fantini v. Salem State College, 557 F.3d 22, 26 (1st Cir. 2009) (quoting Bell Atlantic, 550 U.S. at 544); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted). Iqbal also teaches that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. at 1949 (citation omitted).

A Rule 12(b)(6) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim may exist." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted). "Dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quotation marks omitted). The court "take[s] the well-pleaded facts in the light most favorable to the plaintiff and indulge[s] him all reasonable inferences, [but]

need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, . . . outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions." Id. (quotation marks omitted).[2]

## Discussion

NHA and Robinson contend that Corosa failed to allege that NHA is covered by the ADA, that he was disabled once he returned to work in July of 2006, that NHA knew of his disability when it denied his accommodation request, that the accommodation was linked to any disability, and that he was able to perform the essential duties of his job despite his condition. The defendants also argue that Corosa's allegations of disability are conclusory. As a separate ground for dismissal, Robinson argues that the ADA does not provide for individual liability, and therefore the complaint against him individually should be dismissed.

Corosa responds by pointing to specific portions of his complaint in which he makes the allegations that the defendants

---

[2]In his objection, Corosa states that a motion to dismiss should not be granted unless "the plaintiff is not entitled to relief under any set of facts he could prove." Pl.'s Obj. at 2, 4. That standard, from Conley v. Gibson, 355 U.S. 41, 45-46 (1957), was abrogated by Bell Atlantic, 550 U.S. at 562-63.

say are lacking.  He acknowledges that the complaint does not allege that NHA is covered by the ADA, but states that he will amend his complaint and, regardless, there is no factual dispute that NHA is covered.  He also contends that the ADA does allow for individual liability.

A.   Sufficiency of Corosa's Allegations Under the ADA

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees, employee compensation, . . . and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  Corosa appears to be suing under a "failure to accommodate" theory,[3] which requires that the plaintiff

> a) furnish sufficient admissible evidence that [he] is a qualified individual with a disability within the meaning of the ADA;
> b) establish that [he] worked for an employer covered by the ADA;
> c) demonstrate that the employer, despite its knowledge of the employee's limitations, did not accommodate those limitations; and
> d) show that the employer's failure to accommodate the known limitations affected the terms, conditions, or privileges of the plaintiff's employment.

---

[3]The defendants construed Corosa's claim as alleging a "failure to accommodate," see Defts.' Mot. at ¶ 13, and Corosa apparently adopted that construction, see Pl.'s Obj. at 2-3.

Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 112 (1st Cir. 2006).  For purposes of opposing a motion to dismiss, however, Corosa need not prove his entire case in his complaint but rather must only have alleged sufficient facts to show that his claim is plausible on its face.  Ashcroft v. Iqbal, 129 S. Ct. at 1949.  "Specific facts are not necessary; the statement need only 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. 544, 555) (alteration in original).

1. Disability

Corosa's complaint states that he suffered from back and leg pain, which, he alleges, constitutes a qualified disability, beginning in August of 2005 and continuing through the present.  Although the complaint says that Corosa underwent surgery in April, 2006, that "greatly relieved the pain," Corosa never states that the pain or the disability disappeared.  Moreover, Corosa states that the pain began again in May and June of 2007, before he asked NHA to accommodate him by purchasing a riding lawnmower.

### 2. Covered entity

Corosa did not directly allege that NHA is covered by the ADA. While being a "covered entity" is technically an element of the statute (see 42 U.S.C. § 12112(a) (general rule); § 12111(2) (defining "covered entity"); § 12111(5)(A) (defining "employer")), the failure to allege this element is not fatal. NHA does not dispute that it is a covered entity and Corosa states in his objection that the issue is not disputed. See Pl.'s Obj. at n.1. To the extent this is an issue, Corosa can amend his complaint.

### 3. NHA's Knowledge & Failure to Accommodate

The complaint also alleges that Corosa asked NHA for a riding lawnmower, and that in denying the request, NHA stated "that [Corosa] had no disability and did not merit a riding lawn mower." Compl. at ¶ 14. According to Corosa, the defendants knew at the time the request was made that he was claiming to be disabled. Corosa also alleges that NHA knew that he had disabling back and leg pain in early 2006, since he brought in a doctor's note and took a medical leave of absence. Thus, it is at least plausible that the defendants knew Corosa was disabled but denied his request for a reasonable accommodation anyway.

    4.   <u>Qualified Individual</u>

Corosa also alleges that he was able to perform the essential duties of his position at NHA.[4]  Specifically, he states that he "had no problem performing his other maintenance duties which involv[ed] lifting, climbing, shoveling, raking, etc."  Compl. at ¶ 13.  Corosa contends that his position involved mowing lawns only two hours every two weeks, or 0.25% of his job classification.  <u>Id.</u>

Corosa's complaint includes allegations pertaining to the elements of his claim.  His rendition of the factual circumstances surrounding his allegedly forced medical leave and improper suspension could plausibly entitle him to relief under the ADA.  The complaint also puts the defendants on notice of the grounds for Corosa's claim.  Because the complaint states a claim under the ADA, it will not be dismissed.

B.   <u>Individual Liability Under the ADA</u>

Although the First Circuit has not settled the issue of whether an individual who is the employer's agent may be held liable under the ADA, it has held that such individuals may not

---

[4]Under the ADA, a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).

be held liable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., which, like the ADA, governs employment discrimination. Fantini, 557 F.3d at 28-31.  The First Circuit has also suggested that it would apply the same reasoning in the context of the ADA.  Acevedo López v. Police Dept. of Puerto Rico, 247 F.3d 26, 29 (1st Cir. 2001) (declining to consider issue because it was undeveloped, but noting that "several other circuit courts and three district courts within this circuit have held that individuals are not subject to suit under the ADA") (internal quotation marks and citations omitted).

As the First Circuit noted in Fantini, several circuit courts have held that there is no individual liability under the ADA.  See, e.g., Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007); Walsh v. Nevada Dept. of Human Resources, 471 F.3d 1033, 1038 (9th Cir. 2006); Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002); Ford v. Frame, 3 Fed. Appx. 316, 318 (6th Cir. 2001); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 744 (10th Cir. 1999); U.S. Equal Employment Opportunity Comm'n v. AIC Sec., 55 F.3d 1276, 1282 (7th Cir. 1995).  District courts within the First Circuit, including this court, have held the same.  See, e.g., Orell v. UMass Mem. Med. Ctr., Inc., 203 F. Supp. 2d 52, 64 (D. Mass. 2002); Vizcarrondo v. Bd. of Trustees of Univ. of Puerto Rico, 139 F. Supp. 2d 198, 205 (D.P.R. 2001);

Quiron v. L.N. Violette Co., 897 F. Supp. 18, 19 (D. Me. 1995); Miller v. CBC Co., 908 F. Supp. 1054, 1065 (D.N.H. 1995).  The reasoning of each circuit court that held that there is no individual liability under the ADA was substantially similar to the First Circuit's reasoning in Fantini, regarding individual liability under Title VII.  Moreover, each circuit court also noted the parallels between Title VII and the ADA, and indicated that their holdings with regard to individual liability under Title VII guided their holdings with regard to the ADA.

Based on the weight of the precedents cited, including prior holdings in this court, the court concludes that there is no individual liability under the ADA.  Corosa's ADA claim against Robinson is dismissed.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 9) is granted as to the claim against George F. Robinson, and is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 24, 2010

cc:  William E. Aivalikles, Esquire
     Arthur O. Gormley, III, Esquire
     J. Daniel Marr, Esquire