```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Michael Corosa

    v.                           Civil No. 09-cv-455-JD
                                              Opinion No. 2011 DNH 028

Nashua Housing Authority
and George F. Robinson

## O R D E R

Michael Corosa sued Nashua Housing Authority ("NHA") and George Robinson,[1] alleging that they violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.[2]  NHA moves for summary judgment on the claim to the extent that it is based on acts that occurred prior to October 27, 2007, on the ground that any claim as to those acts is time-barred.  Corosa did not object to the motion.

## Standard of Review

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits

---

[1] The court granted defendants' motion to dismiss as to the claim against Robinson on March 24, 2010. (Order No. 2010-DNH-063).

[2] In his complaint, Corosa cites both 42 U.S.C. § 2000e and § 12101.  The latter citation appears to be appropriate.

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if it may reasonably be resolved in either party's favor at trial, and "material" if it has the capacity to sway the outcome under applicable law. Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008)(quotations omitted). In making this determination, the "court must scrutinize the record in the light most flattering to the party opposing the motion, indulging all reasonable inferences in that party's favor." Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003).

As noted, Corosa has not responded to NHA's motion for summary judgment. Under Local Rule 7.2(b)(2), where the non-moving party does not properly oppose a summary judgment motion, "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted." See also De Jesus v. LTT Card Servs., Inc., 474 F.3d 16, 20 (1st Cir. 2007). Summary judgment does not, however, "automatically follow" from the non-moving party's failure to respond. Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir. 2003). The court still must determine whether the moving party's submission meets the summary judgment standard. See Fed. R. Civ. P. 56(e).

Background

The relevant facts for purposes of determining NHA's summary judgment motion are not in dispute.[3] Corosa began working for the NHA as a maintenance worker and electrician in October, 1993. Corosa suffers from spinal stenosis, arthritis, and other back-related conditions.

In August, 2005, Corosa began to experience pain and weakness in his legs when he walked, and the pain later spread to his lower back. He began to receive medical care and, in January, 2006, his doctor gave him a note saying that he should work with restrictions. Specifically, the doctor instructed him not to pull or push objects while walking and not to shovel or rake. NHA accepted the doctor's note and allowed Corosa to work with restrictions.

Corosa's pain continued to increase and, in February, 2006, he took a medical leave of absence from his job. After lower back surgery in April, which greatly relieved his pain, he returned to work full-time in July, 2006. In May or June of 2007, however, Corosa began to feel the pain again while walking and pushing a lawnmower, although he had no trouble completing his other duties. In June or July, Corosa asked NHA to purchase

---

[3]NHA draws on facts from Corosa's complaint in its Statement of Undisputed Facts.

a riding lawnmower, but NHA denied the request, saying that Corosa was not disabled.

In August, Corosa gave NHA a note from his surgeon stating that he should not push or pull objects while walking. NHA accepted the note and allowed Corosa to work a few more days. On August 22, 2007, Corosa met with his boss, Scott Costa, and the union steward. Costa gave Corosa a letter from Robinson, the executive director of NHA, stating that Corosa could not perform his duties and that he was required to take medical leave. When Corosa opened the letter and read it at the meeting, he was upset. He stated that the letter was nothing more than harassment and asked if Robinson was "trying to be funny." Costa demanded that Corosa turn in his keys and radio.

Corosa returned to NHA on November 6, 2007, to give Costa a doctor's note stating that Corosa could work without restrictions beginning November 7. Corosa asked Costa to return his keys and radio, but Scott told him he could not have them until Corosa's paperwork had been processed in the office.

On November 7, Corosa reported for work and was given two letters from Robinson. The first, dated November 6, told Corosa to return to work on November 7 at 7:30 a.m. The second informed Corosa that he was suspended for two days for gross insubordination at the August 22 meeting.

The Commissioners of NHA upheld Corosa's medical leave and suspension.  Corosa filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or about August 22, 2008, alleging discrimination on the basis of disability.  On October 14, 2009, the EEOC issued a notice that Corosa could file suit in this matter.  Corosa filed his complaint on December 30, 2009.[4]

## Discussion

An employee alleging discrimination under the ADA must comply with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, before a federal court may entertain his or her claim.  <u>Bonilla v. Muebles J.J. Alvarez, Inc.</u>, 194 F.3d 275, 277 (1st Cir. 1999).  Where, as here, the state has an entity with the authority to hear the employee's claim, § 2000e-5(e)(1) requires that the employee file his or her charge with the EEOC within 300 days of the alleged discriminatory act.  <u>AMTRAK v. Morgan</u>, 536 U.S. 101, 109 (2002).

---

[4]Corosa also alleges in his complaint that he faced a general atmosphere of hostility after returning from his first medical leave, and details certain examples of this purported hostility.  Because Corosa did not object to NHA's motion for summary judgment with evidence in support of these accusations, they are mere allegations, and the court cannot consider them in deciding NHA's motion for summary judgment.

If the employee fails to file his or her claim within the 300-day window, his or her claim is generally time barred.  Id.

The employee nevertheless may recover for discriminatory acts that occurred outside of the statutory period if those acts "are deemed part of an ongoing series of discriminatory acts and there is some violation within the statute of limitations period that anchors the earlier claims."  O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001)(internal quotation marks omitted).  The continuing violation doctrine "ensures that these plaintiffs' claims are not foreclosed merely because the plaintiff needed to see a pattern of repeated acts before they realized that the individual acts were discriminatory."  Id.  This equitable doctrine does not apply, however, "if the plaintiff was or should have been aware that he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place."  Provencher v. CVS Pharm., 145 F.3d 5, 14 (1st Cir. 1998).

As noted above, Corosa filed his complaint with the EEOC on August 22, 2008.  Therefore, the 300-day limitations period ran from October 27, 2007 to August 22, 2008.  His allegations of discrimination based on NHA's actions prior to October 27, 2007, are time-barred.

Because Corosa did not object to NHA's motion for summary judgment, it is not clear whether he intended to invoke the continuing violation doctrine.  Corosa does not dispute NHA's assertion in its motion, however, that he believed he was being discriminated against based on his disability by at least August 22, 2007, when he stated that Robinson's letter informing him that he was being placed on medical leave was harassment.  Thus, the court finds that actions that occurred on or before October 27, 2007 are not actionable.

## Conclusion

For the foregoing reasons, the defendants' motion for partial summary judgment (doc. no. 20) is granted.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge

February 15, 2011

cc:   William E. Aivalikles, Esquire
      Arthur O. Gormley, III, Esquire
      J. Daniel Marr, Esquire