UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Michael Corosa

      v.                                  Civil No. 09-cv-455-JD
                                          Opinion No. 2011 DNH 065
Nashua Housing Authority
and George F. Robinson


                                O R D E R

     On February 15, 2011, the court granted partial summary judgment in favor of Nashua Housing Authority ("NHA") on Michael Corosa's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., to the extent that it is based on acts that occurred prior to October 27, 2007.  The court held that these acts were time-barred.  Corosa had not filed an objection to NHA's motion for summary judgment.  Corosa now moves for reconsideration.  NHA objects.


                                Discussion

     "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was

clearly unjust."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009); LR 7.2(e).

Corosa argues that his attorney had prepared a timely objection to NHA's motion for summary judgment, but that the attorney's new secretary was unfamiliar with the court's electronic filing system and failed to file it.  He contends that his failure to file the objection was the result of "accident, mistake and misfortune and not neglect," and thus that the court should reconsider its February 15, 2011, order. (Doc. 23 at 2). Corosa attached a copy of the objection to his motion for reconsideration.

NHA argues that although Corosa's motion is styled as a motion for reconsideration, the motion is more properly characterized as a motion to file a late objection to NHA's motion for summary judgment.  NHA argues that the motion should be denied, because the delay was not the result of "excusable neglect."

As is explained below, the court determines that it erred in concluding that all acts that occurred prior to October 27, 2007, were time-barred.  Therefore, the court will consider Corosa's motion as seeking reconsideration because the order on summary judgment was based on an error of law.

A.   <u>Standard of Review</u>

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment can be based on either undisputed material facts that entitle the moving party to judgment as a matter of law or an assertion that the nonmoving party with the burden of proof cannot prove an essential element of its claim. <u>Sensing v. Outback Steakhouse of Fl., LLC</u>, 575 F.3d 145, 152 (1st Cir. 2009). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. <u>See</u> <u>id.</u> at 153.

Corosa did not timely respond to NHA's motion for summary judgment. Under Local Rule 7.2(b)(2), where the non-moving party does not properly oppose a summary judgment motion, "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted." <u>See also</u> <u>De Jesus v. LTT Card Servs., Inc.</u>, 474 F.3d 16, 20 (1st Cir. 2007). Summary judgment does not, however, "automatically follow" from the non-moving party's failure to respond. <u>Stonkus v. City of Brockton Sch. Dep't</u>, 322 F.3d 97, 101 (1st Cir. 2003). The court must still determine whether the moving party's submission meets the summary judgment standard. <u>See</u> <u>id.</u> at 102.

NHA did not provide any properly-supported facts in support of its motion for summary judgment, as directed by Fed. R. Civ. P. 56(c)(1). Rather, solely for the purposes of its motion for summary judgment, NHA accepted as true the allegations in Corosa's complaint. Therefore, although mere allegations in the complaint generally are not entitled to weight for purposes of summary judgment, <u>Borges ex rel. S.M.B.W. v. Serrano-Isern</u>, 605 F.3d 1, 3 (1st Cir. 2010), the court treats the facts alleged in Corosa's complaint as undisputed for purposes of reconsideration.

B.   <u>Background</u>

Corosa began working for NHA as a maintenance worker and electrician in October, 1993. Corosa suffers from spinal stenosis, arthritis, and other back-related conditions.

In August, 2005, Corosa began to experience pain and weakness in his legs when he walked, and the pain later spread to his lower back. He began to receive medical care and, in January, 2006, his doctor gave him a note saying that he should work with restrictions. Specifically, the doctor instructed him not to pull or push objects while walking and not to shovel or rake. NHA accepted the doctor's note and allowed Corosa to work with restrictions.

Corosa's pain continued to increase and, in February, 2006, he took a medical leave of absence from his job.  After lower back surgery in April, which greatly relieved his pain, he returned to work full-time in July, 2006.  Soon after Corosa returned to work, George Robinson, the executive director of NHA, began to harass him.  One incident involved Corosa's failure to call the answering service on Saturdays and Sundays at the beginning and end of his shift.  Corosa's boss at the time, Brian Keefe, had told Corosa that he did not need to call because of difficulties NHA had had with the service.  Without first investigating the circumstances behind Corosa's failure to call the service, Robinson gave Corosa an oral warning.  He later removed the warning, but only after Corosa demonstrated that he had done nothing wrong.

In May or June of 2007, Corosa began to feel the pain again while walking and pushing a lawnmower, although he had no trouble completing his other duties.  In June or July, Corosa asked NHA to purchase a riding lawnmower, but NHA denied the request, saying that Corosa was not disabled.

In August, Corosa gave NHA a note from his surgeon stating that he should not push or pull objects while walking.  NHA rejected the note, stating that it was handwritten and difficult

to read.  Corosa obtained a second note, which NHA accepted. Corosa continued to work a few more days.

On August 22, 2007, Corosa met with his boss, Scott Costa, and the union steward.  Costa gave Corosa a letter from Robinson, the executive director of NHA, stating that Corosa could not perform his duties and that he was required to take medical leave.  Corosa opened the letter, read it at the meeting, and he became upset.  When other maintenance men had had health problems that made it difficult for them to complete their duties, NHA had reassigned them rather than require that they take medical leave. Corosa stated that the letter was nothing more than harassment and asked if Robinson was "trying to be funny."  Costa demanded that Corosa turn in his keys and radio.[1]

Corosa returned to NHA on November 6, 2007, to give Costa a doctor's note stating that Corosa could work without restrictions beginning November 7.  Corosa asked Costa to return his keys and radio, but Costa told him he could not have them until Corosa's paperwork had been processed in the office.  Corosa called Costa numerous times on November 6 to inquire about his keys and radio. His phone calls were ignored.

---

[1] NHA had not required two other maintenance men to relinquish their keys or radio while out on disability leave.

On November 7, Corosa reported for work and was given two letters from Robinson.  The first, dated November 6, told Corosa to return to work on November 7 at 7:30 a.m.  The second informed Corosa that he was suspended for two days for gross insubordination at the August 22 meeting.

The Commissioners of NHA upheld Corosa's medical leave and suspension.  Corosa filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or about August 22, 2008, alleging discrimination on the basis of disability.  On October 14, 2009, the EEOC issued a notice that Corosa could file suit in this matter.  Corosa filed his complaint on December 30, 2009.  In it, he alleged that the workplace had been hostile for some time, and that NHA was trying to force him to quit or trying to set him up to be fired because of his disability.  He also alleged that NHA had failed to accommodate his disability, as required by the ADA.

C.   Statute of Limitations

An employee alleging discrimination under the ADA must comply with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  <u>Frederique-Alexandre v. Dep't of Natural & Envtl. Res.</u>, 478 F.3d 433, 437 (1st Cir. 2007).  Where, as here, the state has an entity with

the authority to hear the employee's claim, § 2000e-5(e)(1) requires that the employee file his or her charge with the EEOC within 300 days of the alleged discriminatory act.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).  "[T]he exhaustion requirement is not a jurisdictional prerequisite, but rather is subject to waiver, estoppel, and equitable tolling. . . ."  Frederique-Alexandre, 478 F.3d at 440.

In its February, 15, 2011, order, the court held that because Corosa filed his complaint with the EEOC on August 22, 2008, the 300-day statute of limitations period ran from October 27, 2007, to August 22, 2008.  The court concluded that Corosa's allegations of discrimination were time-barred to the extent that they were based on NHA's actions prior to October 27, 2007.

On reconsideration, the court recognizes that Corosa asserts two claims in his complaint.  First, he claims that he was and is subject to a hostile work environment.  Second, he alleges that NHA failed to accommodate his disability when, in June or July of 2007, it denied his request for a riding lawnmower.

1.  Hostile Work Environment Claim

Corosa's hostile work environment claim is subject to the "continuing violation" doctrine.  Under this doctrine, "a plaintiff may obtain recovery for discriminatory acts that

otherwise would be time-barred so long as a related act fell within the limitations period." Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130 (1st Cir. 2009).  A hostile work environment claim is characterized as a continuing violation, because it "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" Id. (quoting Morgan, 536 U.S. at 117 (2002)).  So long as the plaintiff can establish that an act contributing to the hostile work environment claim occurred within the 300-day limitations period, the court may consider "component acts" of the claim that occurred outside the filing period for purposes of determining liability.  Id.  This is true even if the component acts were sufficient to put the plaintiff on notice that he was subject to a hostile work environment, such that he could have sued on an earlier date.  See Marrero v. Goya of P.R., Inc., 304 F.3d 7, 18 (1st Cir. 2002).

Corosa's hostile work environment claim includes acts that occurred within the 300-day limitations period, including his two-day suspension on November 7, 2007.  Therefore, to the extent that acts which occurred on or before October 27, 2007, form part of Corosa's hostile work environment claim, they are not time-barred.

### 2.  Failure to Accommodate Claim

NHA's denial of Corosa's request for the riding lawnmower was a discrete act, and the statute of limitations period commenced on the day that it occurred.  See Tobin, 553 F.3d at 130.  NHA's denial of the request, in June or July of 2007, occurred more than 300 days before Corosa filed his complaint with the EEOC.  Therefore, Corosa's claim that NHA failed to accommodate his disability in violation of the ADA is time-barred.

### Conclusion

For the foregoing reasons, Corosa's motion for reconsideration, (doc. no. 23) is GRANTED.  NHA's motion for partial summary judgment (doc. no. 20) is GRANTED in part and DENIED in part.

Acts that occurred on or before October 27, 2007, are not time-barred to the extent that they form part of Corosa's hostile work environment claim.  Corosa's claim that NHA's denial of his

request for a riding mower constituted a failure to accommodate his disability in violation of the ADA is time-barred and dismissed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 19, 2011

cc:   William E. Aivalikles, Esquire
      Arthur O. Gormley, III, Esquire
      J. Daniel Marr, Esquire